**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; AND WILLIAM ALDENBERG, <br><br>Plaintiffs, <br><br>v. <br><br>ALEX EMRIC JONES; FREE SPEECH SYSTEMS, LLC, <br><br>Defendants. | ADV. PROC. NO. 22-05019 <br><br> AUGUST 4, 2022 |

### AMENDED[1] MOTION FOR ORDER SHORTENING NOTICE PERIOD AND SCHEDULING EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR REMAND

The plaintiffs move the Court pursuant to Fed. R. Bankr. P. 9006(d), 9007, and 9014 for an order shortening any applicable notice period and scheduling an expedited hearing on the

---

[1] The only substantive changes made by way of this amended filing are to reflect the adjusted briefing schedule for the plaintiffs' emergency motion to lift the automatic stay as to Free Speech Systems, LLC in the United States Bankruptcy Court for the Southern District of Texas. Under the new briefing schedule, the plaintiffs' emergency motion to lift the stay will be heard on August 24, 2022, not August 5, 2022. The plaintiffs request that the Court schedule an expedited hearing on their Motion for Remand, ECF No. 5, at the Court's earliest possible availability.

The plaintiffs note as well that the original August 5, 2022 date for their lift-stay motion was reflected on page 10 of their Motion for Remand, ECF No. 5. The plaintiffs request that the Court disregard the August 5, 2022 date and instead consider that the hearing has been rescheduled for August 24, 2022.

1

plaintiffs' Motion for Remand,[2] filed on August 3, 2022. The plaintiffs request an expedited hearing on the Motion for Remand at the Court's earliest possible availability. The plaintiffs seek this expedited hearing because jury selection had already begun in this action when Free Speech Systems, LLC removed it and a trial is scheduled to commence September 6, 2022. Every day that this case is held in limbo on the basis of the removal will prejudice the plaintiffs' ability to exercise their right to a jury trial in this case. Indeed, delay is very likely the whole purpose of the defendants' bankruptcy filing and the removal notice.

In support of this motion, the plaintiffs state as follows:

1.      There are two remaining defendants in this action: Free Speech Systems, LLC ("FSS") and Alex Jones. On July 29, 2022, one of those defendants, FSS, filed a petition for chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Mr. Jones has not filed a bankruptcy petition.

2.      Alex Jones, a non-debtor, has not filed a motion to extend the automatic stay provisions of 11 U.S.C. § 362 to himself.

---

[2] There are three consolidated cases in the Connecticut Superior Court: *Lafferty v. Jones* (UWY-CV18-6046436-S), *Sherlach v. Jones* (UWY-CV18-6046437-S), and *Sherlach v. Jones* (UWY-CV18-6046438-S). For purposes of remand analysis, there is no significant difference among the three cases. (Thus, when these cases were removed from the Connecticut Superior Court to the Connecticut District Court in 2020, orders transferring the cases to Judge Hall's docket were entered in all three cases (on December 4, 2020 in *Lafferty v. Jones* (3:20-cv-01723-JCH), on December 2, 2020 in *Sherlach v. Jones* (3:20-cv-01724-JCH), and on December 14, 2020 in *Sherlach v. Jones* (3:20-cv-01725-JCH)). For this reason, and to make the Court's work more efficient, the identical Motion to Remand and identical instant motion is being filed in all three removed bankruptcy cases: *Lafferty v. Jones* (22-05019), *Sherlach v. Jones* (22-05020), and *Sherlach v. Jones* (22-05021).

3. On July 31, 2022, the plaintiffs filed an Emergency Motion for Relief from the Automatic Stay in the United States Bankruptcy Court for the Southern District of Texas. The court, Lopez, J., scheduled a hearing on this emergency motion for August 24, 2022.

4. On August 2, 2022, FSS removed the civil action pending in the Connecticut Superior Court against it and Mr. Jones after jury selection had already begun. It is a personal injury action sounding in purely state-law claims of defamation, false light, negligent and intentional infliction of emotional distress and violation of the Connecticut Unfair Trade Practices Act.

5. That civil action has been progressing for over four years in the Connecticut Superior Court before a single judge.

6. The parties have conducted years of discovery. The Connecticut Superior Court judge overseeing the action has adjudicated multiple motions to strike and has issued over 250 orders on a docket that contains over 900 entries, including the entry of an order defaulting all of the Jones defendants for their repeated discovery abuses.

7. Jury selection in the state court action commenced on August 2, 2022, with the presentation of evidence concerning damages set for September 6, 2022. The Connecticut Superior Court judge overseeing this action has informed the parties that this is a "firm" trial date.

8. Six motions in limine and several other motions requiring adjudication prior to trial have been briefed and are awaiting adjudication by the Connecticut Superior Court.

9. On August 3, 2022, the plaintiffs filed in this Court a Motion to Remand, requesting the court remand this action to Connecticut state court on equitable grounds or to permissively abstain from hearing it.

10.     Also on August 3, 2022, the first-day motions were heard in FSS's bankruptcy case in the Texas Bankruptcy Court, at which time it was confirmed that the plaintiffs' emergency motion to lift the automatic stay would be heard on August 24, 2022.

11.     Equity, justice, efficiency, and comity weigh overwhelmingly in favor of remand. As briefed in the plaintiffs' Motion to Remand, the bad faith removal is an abuse of the removal statutes and of this Court's bankruptcy jurisdiction. Considerations of equity, justice, efficiency, and comity strongly favor a remand so that this action may finally come to a jury trial and so that the state court judge who has become expert in the complex legal and factual issues of this case may guide this long-pending action to judgment.

12.     Every day of delay prejudices the plaintiffs' ability to hold firm to their scheduled trial date. Every day of delay makes it more likely that Alex Jones will achieve exactly what he intended through this bad faith removal: a postponement of the trial date in state court.

ACCORDINGLY, the plaintiffs request this Court enter an order shortening any applicable notice period and scheduling an expedited hearing on the plaintiffs' Motion to Remand at its earliest possible availability.

Respectfully submitted this 4th day of August, 2022 at Bridgeport, Connecticut.

By: /s/ *Alinor C. Sterling*
Alinor C. Sterling (Fed. Bar No. ct17207)
Christopher M. Mattei (Fed. Bar No. ct27500)
Koskoff, Koskoff & Bieder PC
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
Facsimile: (203) 368-3244
Email: asterling@koskoff.com
cmattei@koskoff.com
*Counsel for the Plaintiffs*[3]

By: /s/ *Eric Goldstein*
Eric Goldstein (Fed. Bar No. ct27195)
Jessica M. Signor (Fed. Bar No. ct30066)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06013
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
jsignor@goodwin.com
*Counsel for the Individual Plaintiffs*[4]

---

[3] Koskoff, Koskoff & Bieder represents all of the plaintiffs, including Richard M. Coan solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Erica L. Garbatini.

[4] In connection with this proceeding, Shipman & Goodwin LLP represents David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos Mathew Soto, Jillian Soto, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Individual Plaintiffs").

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 4, 2022, a copy of foregoing Amended Motion for Order Shortening Notice Period and Scheduling Expedited Hearing on Plaintiffs' Motion for Remand was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Alinor C. Sterling*
ALINOR C. STERLING
CHRISTOPHER M. MATTEI

/s/ *Eric Goldstein*
ERIC GOLDSTEIN
JESSICA M. SIGNOR