IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; AND WILLIAM ALDENBERG, | ADV. PROC. NO. 22-05019  August 8, 20202 |
| Plaintiffs, | |
| v. | |
| ALEX EMERC JONES; FREE SPEECH SYSTEMS, LLC, | |
| Defendants. | |

**MOTION TO WITHDRAW THE REFERNCE**

Pursuant to 28 U.S.C. 157(d) and Rule 5011(a) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), Free Speech Systems, LLC (the "Debtor"), defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") and debtor and debtor-in-possession in Case No. 20-60043 pending before the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Case"), hereby moves for withdrawal of the reference of the Adversary Proceeding by the United States District Court for the District of Connecticut withdrawing the reference of the Adversary Proceeding in the U.S. Bankruptcy Court for the District of Connecticut. In support of this motion (the "Motion"), the Debtor respectfully states as follows:

## Jurisdiction

1. On July 29, 2022 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>").

2. The Debtor continues in the possession of its property and is operating and managing its businesses as a debtor and debtor-in-possession pursuant to section 1182(2) of the Bankruptcy Code.

3. The statutory bases for the relief sought are 28 U.S.C § 157(d) and Bankruptcy Rule 5011(a).

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This Motion is a matter arising in or related to a case under the Bankruptcy Code.

5. Venue of this removed adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1452(a).

## Argument

6. Under 28 U.S.C. § 1334(b), United States district courts have original jurisdiction of all civil proceedings arising in or related to cases under title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). District courts may provide that any or all cases or claims arising in or related to a bankruptcy case may be referred to the bankruptcy judges for the district pursuant to 28 U.S.C. § 157(a).

7. Under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." To determine whether "cause" exists, the U.S. District Court for the District of Connecticut has held that courts must consider various relevant factors, including: "(1)

whether the claim is core or non-core, (2) the presence of a jury demand, (3) uniform bankruptcy administration, (4) reduction of forum shopping, (5) delay and costs to the parties, (6) expediting the bankruptcy process, and (7) judicial economy." *Michaelesco v. Shefts*, 303 B.R. 249, 251 (D. Conn. 2004).

8. By this Motion, Debtor requests that the district Court withdraw the reference from the Bankruptcy Court of the Adversary Proceeding. See 28 U.S.C. § 157(d). Ample "cause" exists to withdraw the reference of the Adversary Proceeding, whether the subject matter of the Adversary Proceeding is a "core" proceeding as dictated by caselaw in the Southern District of Texas, or it is a "non-core" proceeding as the Plaintiffs contend.[1] Estimation and liquidation of the claims arising from the Adversary Proceeding must take place before the District Court.

9. First, under Section 157(b)(2)(B), "[c]ore proceedings" (which bankruptcy courts can adjudicate to judgment) do not include "estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B). Giving full weight to the Plaintiffs' contention that their claims are personal injury tort claims, the claims are not core claims. Further, section 157(b)(5) mandates that the Plaintiffs claims be determined by either the U.S. District Court for the District of Connecticut or the U.S. District Court for the Southern District of Texas.

10. If, for the sake of argument, the Plaintiffs' views as to the nature of the claims in the Adversary Proceeding is correct, the Bankruptcy Court could not render a final judgment in

---

[1] The applicable case law of the Southern District of Texas indicates that the Plaintiffs claims are not personal injury tort claims for purposes of 28 U.S.C. § 157(b)(5). *See Hurtado v. Blackmore*, No. B-06-149, 2007 U.S. Dist. LEXIS 108019, at *5 (S.D. Tex. July 18, 2007) ("[T]o hold that a tort with no resulting physical injury constitutes a 'personal injury tort' under § 157 'would contradict the statute's text, Congressional intent, and the majority of relevant judicial decisions.'"); *see also Belcher v. Doe*, Civil Action No. SA-06-CA-1068-WWJ, 2008 U.S. Dist. LEXIS 143761, at *8 (W.D. Tex. Mar. 11, 2008) ("[T]his Court will adopt the narrow understanding of "personal injury tort.") However, if, as the Plaintiffs assert, their claims are personal injury torts under section 157(b)(5), the claims would not be core matters according to 28 U.S.C. § 157(b)(2)(B).

the matter; all it could do is submit proposed findings of fact to the District Court. It thus would be more efficient for the District Court to determine the claims in the first instance, particularly because the Bankruptcy Court's rulings would be subject to de novo review in the District Court.

11. Second, withdrawal of the reference is the only way to protect parties' jury trial rights. The Connecticut Plaintiffs are entitled to have a jury determine their claims against co-defendant Jones and assert the right to a jury with respect to their claims against the Debtor. (*Emergency Motion for Remand*, Adv. Dkt. No. 5 at pp. 16-17). If so, their claims should be liquidated in the District Court. 28 U.S.C. § 157(b)(5). Proceeding in the District Court will prevent delay, expedite the bankruptcy process, and increase judicial economy by allowing the Adversary Proceeding to continue with a jury trial if and when the automatic stay is lifted.

12. Third, determination of the Adversary Proceeding before the U.S. Bankruptcy Court for the District of Connecticut would not further the aim of uniform bankruptcy administration because the Bankruptcy Case is proceeding in the Bankruptcy Court for the Southern District of Texas.

13. Fourth, the removal of the Adversary Proceeding is not an instance of forum shopping. The Debtor only removed the proceeding after the Connecticut Superior Court determined that the action would proceed with the Debtor remaining a party without severance. The Connecticut Superior Court's decision to proceed to trial exposed the Debtor to denial of due process by requiring a trial to continue on a suit in which it remained a party but was unable to participate due to the automatic stay imposed upon its bankruptcy filing. Alternatively, even if the Debtor were severed, because the claims against the Debtor and Alex Jones are inextricably intertwined, the Debtor's rights would be infringed by its absence at trial.

14. Fifth, and reinforcing the point, Section 157(b)(5) provides that the "district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5) (emphasis added). If the Plaintiffs' Claims, as they contend, are for personal injury, by the plain language of the statute, then, the Bankruptcy Court lacks the authority to try them.

## Conclusion

15. Based on the foregoing, the District Court should withdraw the reference of the Adversary Proceeding. The relevant factors demonstrate that "cause" exists and withdrawal of the reference will allow the matter to proceed with a jury trial as desired by the Plaintiffs if and when the automatic stay is lifted.

[*Remainder of Page Intentionally Left Blank*]

Date: August 8, 2022                                Respectfully Submitted,


                                                    **DEFENDANT AND DEBTOR FREE SPEECH SYSTEMS, LLC**


                                                    By: /s/*Norman A. Pattis*
                                                    Norman A. Pattis
                                                    PATTIS & SMITH, LLC
                                                    383 Orange Street
                                                    New Haven, CT 06511
                                                    V: 203-393-3017 F: 203-393-9745
                                                    npattis@pattisandsmith.com

                                                    -and-

                                                    R. J. Shannon (*pro hac vice* pending)
                                                    SHANNON & LEE LLP
                                                    700 Milam Street STE 1300
                                                    Houston, TX 77002
                                                    Tel.: 713-714-5770
                                                    Fax: 833-714-5770
                                                    Email: rshannon@shannonleellp.com

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2022, a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system. Additionally, the foregoing document was served by email and first-class mail on the following parties:

| | |
|---|---|
| Alinor C. Sterling | Eric Goldstein |
| Christopher M. Mattei | Jessica M. Signor |
| Koskoff, Koskoff & Bieder PC | Shipman & Goodwin LLP |
| 350 Fair Field Avenue | One Constitution Plaza |
| Bridgeport, CT 06604 | Hartford, CT 06013 |
| asterling@koskoff.com | egoldstein@goodwin.com |
| cmattei@koskoff.com | jsignor@goodwin.com |

      */s/Norman A. Pattis*
      Norman A. Pattis