**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; AND WILLIAM ALDENBERG, | ADV. PROC. NO. 22-05019 |
| Plaintiffs, | August 8, 20202 |
| v. | |
| ALEX EMERC JONES; FREE SPEECH SYSTEMS, LLC, | |
| Defendants. | |

---

**DEBTOR'S RESPONSE TO EMERGENCY MOTION FOR REMAND**

Free Speech Systems, LLC (the "Debtor"), defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") and debtor and debtor-in-possession in Case No. 20-60043 (the "Bankruptcy Case") pending before the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "Home Court") responds to the *Emergency Motion for Remand* [Adv. Proc. Dkt. No. 6] (the "Motion for Remand") filed by the plaintiffs (the "Plaintiffs") in the Adversary Proceeding as follows:

**Preliminary Statement**

1.    The Plaintiffs do not dispute that there was federal subject matter jurisdiction at the time of removal. The Plaintiffs also do not claim that mandatory abstention applies. Instead, the Plaintiffs request permissive abstention and equitable remand based on a misleading and distorted description of the Debtor's Bankruptcy Case and the reasons for removal of the litigation to this

Court (the "Removed Litigation"). The Plaintiffs have the burden of proof on permissive abstention and equitable remand of the Removed Litigation and will fail to meet that burden.

2.      The Removed Litigation is central to the Bankruptcy Case pending before the Home Court; the only remaining issue in the Removed Litigation is a determination of the amount of the Plaintiffs' claims; many of the issues raised in the Motion are pending before the Home Court; the claims against the Debtor may be adjudicated without a jury trial in the Home Court (while the claims against both the Debtor and its co-defendant Alex Jones can be determined by a jury trial in the District Court); and the prejudice from remand to the Plaintiffs does not outweigh the prejudice to the Debtor. For these reasons and the additional reasons set forth below, the Motion for Remand should be denied.

**Relevant Background**

3.      On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for chapter 11 bankruptcy relief in the Home Court, initiating the Bankruptcy Case.  A true and correct copy of the voluntary petition is attached hereto as Exhibit 1.

4.      The Debtor did not remove the Removed Litigation immediately upon filing. Instead, the Debtor sought to rely on the automatic stay to and the determination of the anticipated request for relief from stay by the Plaintiffs to determine whether the Removed Litigation would continue in the Connecticut Superior Court. The Plaintiffs filed an emergency motion to lift the automatic stay [Bankr. Dkt. No. 15] (the "Lift Stay Motion") with the Home Court on July 31, 2022, 2 days after the Petition Date. A true and correct copy of the Lift Stay Motion is attached hereto as Exhibit 2. As acknowledged by the Plaintiffs in the Lift Stay Motion, the automatic stay prevented and continues to prevent adjudication of the Removed Litigation. (Lift Stay Motion ¶ 26). The Debtor consented to an emergency hearing of the Lift Stay Motion to be scheduled for

August 5, 2022, so that the Home Court could decide whether the Removed Litigation should continue in the Connecticut Superior Court.

5.     On August 2, 2022, the Connecticut Superior Court held a hearing on a motion to strike a counterclaim for indemnification asserted by co-defendant Alex Jones against the Debtor prior to the Petition Date. The Connecticut Superior Court struck the counterclaim and instructed the parties to commence jury selection that morning without formally severing the Debtor from the underlying lawsuit forming the basis of the Removed Litigation.

6.     Proceeding with jury selection while the Debtor remained subject to the action put the Debtor in an untenable position. The decision to proceed to trial exposed the Debtor to denial of due process by requiring a trial to continue on a suit in which it remained a party but was unable to participate due to the automatic stay imposed upon its bankruptcy filing. The Debtor therefore determined that it was necessary to remove the Removed Litigation.

7.     On August 3, 2022, the Home Court held hearings on several emergency motions in the Bankruptcy Case, including a motion for authorization to use cash collateral. The use of cash collateral was contested by the Connecticut Plaintiffs, who contested the validity of the underlying debt of the secured creditor and sought, among other things, to limit the Debtor's use of cash collateral during the interim period. The Home Court ultimately authorized the use of cash collateral subject to reservation language and certain limitations on the use of funds, as reflected in the order attached hereto as Exhibit 3.

8.     On August 4, 2022, the Connecticut Plaintiffs contacted the Home Court for a continuance on the Lift Stay Motion. The Debtor did not oppose the requested continuance and the Home Court rescheduled the hearing on the Lift Stay Motion to August 24, 2022.

## <u>Argument</u>

**A. There is No Dispute that the Court has Jurisdiction Over the Removed Litigation at the Time of Removal and that Mandatory Abstention Does Not Apply.**

9.      The Plaintiffs do not contend that this Court lacks jurisdiction over the Removed Litigation or that mandatory abstention applies.

> i.      *The Court has jurisdiction under 28 U.S.C. § 1334(b).*

10.      United States district courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district courts "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157. Bankruptcy Local Rule 9027-1 requires that "[a] removed claim or cause of action related to a bankruptcy case shall be filed in the Bankruptcy Court as an adversary proceeding and assigned directly to a Bankruptcy Judge."

11.      "[A] civil proceeding is 'related to' a title 11 case if the action's 'outcome might have any "conceivable effect" on the bankruptcy estate." *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011). There is "related to" jurisdiction "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and **_in any way_** impacts upon the handling and administration of the bankrupt estate." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 317 (S.D.N.Y. 2003) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)) (emphasis supplied).

12.      There should be no dispute that claims asserted against the Debtor by the Plaintiffs are at least "related to" the Debtor's estate and the Bankruptcy Case. The amount at which the Plaintiffs' claims are liquidated will drastically affect how the Debtor's Bankruptcy Case proceeds and the options available to the Debtor in its reorganization.

ii.    *Mandatory abstention does not apply because either (a) the Plaintiffs' claims against the Debtor are core proceedings against the Debtor under 28 U.S.C. § 157(b)(2)(B) or (b) the Plaintiffs' claims are personal injury claims under 28 U.S.C. § 157(b)(5).*

13.    Under case law applicable in the Southern District of Texas the Plaintiffs' claims against the Debtor are not considered personal injury claims under 28 U.S.C. § 157(b)(5).[1] *See Hurtado v. Blackmore*, No. B-06-149, 2007 U.S. Dist. LEXIS 108019, at *5 (S.D. Tex. July 18, 2007) ("[T]o hold that a tort with no resulting physical injury constitutes a 'personal injury tort' under § 157 'would contradict the statute's text, Congressional intent, and the majority of relevant judicial decisions.'"); *Belcher v. Doe*, Civil Action No. SA-06-CA-1068-WWJ, 2008 U.S. Dist. LEXIS 143761, at *8 (W.D. Tex. Mar. 11, 2008) ("[T]his Court will adopt the narrow understanding of "personal injury tort."). The determination of the Connecticut Plaintiffs' claims against the Debtor are therefore core proceedings pursuant 28 U.S.C. § 157(b)(2)(B).  Mandatory abstention does not apply to core proceedings.

14.    In footnote 10 of the Motion for Remand, the Plaintiffs assert that the claims against the Debtor are personal injury tort claims under 28 U.S.C. § 157(b)(5). According to 28 U.S.C. § 157(b)(4), "[n]on-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." The statute could not be more clear.

**B.  The Court Should Deny the Plaintiffs' Requests for Equitable Remand or Permissive Abstention.**

15.    Equitable remand and permissive abstention should be used sparingly. *E.g.*, *CityView Towne Crossing Shopping Ctr. Fort Worth Tx. Ltd. P'ship v. Aissa Med. Res. L.P.*, 474

---

[1] Because the Home Court will ultimately decide the allowance of the claims against the Debtor, the law of that district should determine the character of the Plaintiffs claims.

F. Supp. 3d 586, 600 (W.D.N.Y. 2020); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011). Remand and abstention should be denied here.

16.     Courts in the District of Connecticut typically look to seven (7) factors in deciding whether to equitably remand or permissively abstain. *E.g.*, *Breakell v. 3M Co.*, No. 3:19-CV-583 (VAB), 2019 WL 3162490, at *4 (D. Conn. July 16, 2019). It is the burden of the party moving for remand or abstention to establish that the court should abstain or remand. *See, e.g.*, *KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 233 (S.D.N.Y. 2019) ("Plaintiffs have failed to satisfy their burden to establish that either permissive abstention or an equitable remand is appropriate here."); *Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 473 (D. Conn. 2015) ("[T]he party moving for remand must convince the district court to exercise 'permissive abstention' and remand the case upon 'any equitable ground.'"). Taken together, these factors weigh *against* remand and abstention.

> i.     *The effect on the efficient administration of the bankruptcy estate*

17.     The Plaintiffs assert that remand would "not negatively affect the efficient administration of the bankruptcy estate." They argue that there are no bankruptcy issues to be decided, the state court would be more efficient at addressing the relevant Connecticut law, and the Court would need to disrupt its docket to adjudicate a complex state-law trial. The Plaintiffs' conclusory statements are not sufficient to meet their burden to establish that equitable remand or permissive abstention are appropriate.

18.     The Motion for Remand undercuts the Plaintiffs own arguments on this factor. They assert that 28 U.S.C. § 157(b)(5) applies to their claims against the Debtor (Motion for Remand p.16 n.10), which is clearly a bankruptcy issue. Indeed, section 157(b)(5) requires that the Southern District of Texas decide where such claims are tried if they are determined to be personal injury claims.

19.    More to the point, efficient administration of the Debtor's estate is best served by denying remand. The liability of the Debtor has already been established, as the Plaintiffs assert. (Motion for Remand at p.6). The most efficient method for determination of these claims, with the least burden on the Debtor's bankruptcy estate would be through an estimation procedure by the Home Court or the appropriate district court. And although the Plaintiffs assert in the Lift Stay Motion that the Plaintiffs have non-pecuniary reasons for seeking liquidation of their claims through a jury trial (Lift Stay Motion ¶ 28), a jury proceeding in Connecticut state court would likely cost significantly more than in the U.S. District Court for the District of Connecticut due to the voir dire process required in Connecticut state courts. The Debtor has filed a motion for withdrawal of the reference to the District Court to accommodate the Plaintiffs' desires while effectuating the efficient administration of its bankruptcy estate.

*ii.    The extent to which issues of state law predominate*

20.    While the liquidation of damages against the Debtor and Jones is ultimately *for* state law claims, that liability has already been established. Determining the amount of damages to liquidate a claim is something bankruptcy courts and federal district courts are well equipped to handle. The claims allowance process in bankruptcy would be impossible if establishing the amount of a claim under state law were sufficient grounds for permissive abstention. This factor weighs only slightly in favor of equitable remand or permissive abstention. *See, e.g.*, *CAMOFI Master LDC v. U.S. Coal Corp.*, 527 B.R. 138, 145 (Bankr. S.D.N.Y. 2015) (finding this factor to be a "modest factor" because bankruptcy courts regularly address state law matters).

*iii.    The difficulty or unsettled nature of the applicable state law*

21.    The Plaintiffs make no argument about how the determination of damages with respect to the Debtor will involve complex issues of state law. Their assertion is that the fifteen (15) plaintiffs will testify regarding their emotional distress and the evidence presented will

involve broadcasts over the world wide web. They do not claim that Connecticut law is unsettled on the topic of damages or that Connecticut courts have superior knowledge and experience dealing with web broadcasts than federal courts.[2] This factor is neutral.

  *iv.* <u>*Comity*</u>

22. Comity is also neutral. Comity exists between both the Connecticut Superior Court *and* the courts of the Southern District of Texas, negating this factor. *See Breakell*, 2019 WL 3162490, at *6. Assuming, arguendo, that the Plaintiffs claims are personal injury tort claims, the U.S. District Court for the Southern District of Texas is the court that should determine where the Plaintiffs' asserted personal injury claims should be adjudicated. *See* 28 U.S.C. § 157(b)(5). The U.S. Bankruptcy Court for the Southern District of Texas is also the court in which the Bankruptcy Case is pending and is in the best position to determine the importance of the Removed Litigation to the Debtor's estate. There is no valid reason to favor the comity with the Connecticut Superior Court over the comity with the courts of the Southern District of Texas.

  *v.* <u>*The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*</u>

23. This factor weighs against remand or abstention. As described above, the Removed Litigation is central to the administration of the Debtor's estate and the Bankruptcy Case. The cost of litigating the Removed Litigation in Connecticut state court would significantly derail the Debtor's attempts at restructuring and ultimately put the Debtor at risk of being unable to continue its business for the benefit of its creditors. And, of course, the amount of the claim has a direct effect on paths available to the Debtor for its reorganization.

---

[2] If anything, the interstate nature of the Internet and the Federal Communications Commission's regulation of electronic communication in the United States involves federal interests making determination by a federal court especially appropriate.

24.     The Plaintiffs cite *Breakell* in support of their position that the Removed Litigation is remote from the Bankruptcy Case.  However, *Breakell* involved removal by a non-debtor—Johnson & Johnson—that had the obligation to indemnify the relevant debtor. The U.S. District Court for the District of Connecticut held that the factor was *neutral*. *See Breakell*, 2019 WL 3162490, at *6. It is a mystery to the Debtor how the Plaintiffs can rely on *Breakell*  as supporting a factor "strongly in favor of remand".

25.     The Plaintiffs' argument that jury selection had begun also fails to support their position. If jury selection had commenced with respect to an action against the Debtor, then it was a violation of the automatic stay. Admittedly, the Plaintiffs' counsel was put in a tough position—the Connecticut Superior Court instructed the parties to continue jury selection without severing the actions against the Debtor—but those very facts demonstrate why removal of the action by the Debtor was necessary in the first instance and why this Court should not abstain or remand.

        *vi.*     *The existence of the right to a jury trial*

26.     As reflected in *Breakell*, any right the Plaintiffs have to a jury trial is also neutral. The Debtor has requested a withdrawal of the reference so any jury trial to which the Plaintiffs are entitled can proceed. There is no reason to suspect that the U.S. District Court for the District of Connecticut would refuse the Plaintiffs' right to a jury trial. *See id.* ("The sixth factor, the existence of a right to jury trial, is neutral because a federal court would likely honor Mr. Breakell's right to a jury trial.") (citing *Madar v. Johnson & Johnson*, No. 619CV0493GTSTWD, 2019 WL 2723463, at *9 (N.D.N.Y. July 1, 2019)).

        *vii.*     *The prejudice to the involuntarily removed defendants*

27.     The Plaintiffs cite to *Breakell* again in support of the proposition that this factor strongly weighs in favor of remand. While *Breakell* does support the Plaintiff's contention that the Court should consider prejudice to involuntarily removed plaintiffs in addition to defendants, it is

also clear from the District Court's analysis that the factor requires *balancing* the prejudice to involuntarily removed parties with prejudice to the removing party from remand. *See id.* at *7 (analyzing the prejudice to the removing party in connection with this factor).

28.    Here, remand would put the Debtor and the Plaintiffs back in the same untenable position where a jury was being selected for an action against the Debtor while the automatic stay remains in effect. That would prejudice the Debtor and its estate by requiring the Debtor's to litigate in Connecticut state court even though the Debtor's cash collateral budget—which the Plaintiffs sought to limit—did not include payments for Connecticut state-court counsel.

29.    It is ultimately the Plaintiffs' burden to establish that the prejudice to them caused by removal exceeds the prejudice to the Debtor that would result from remand. The Plaintiffs cannot meet this burden and this factor is neutral or weighs against remand or abstention.

 *viii.* <u>Other factors</u>

30.    The Debtor does not dispute that the Court may consider additional factors. But the factors that the Plaintiffs point to do not favor abstention or remand.

31.    The Plaintiffs first assert that the Bankruptcy Case is abusive and calculated to delay the trial. This is at odds with the statements of counsel to the Connecticut Plaintiffs' counsel in the Bankruptcy Case where they highlighted the differences between this Bankruptcy Case and the bankruptcy cases of InfoW, LLC, IWHealth, LLC, and Prison Planet TV, LLC. There is no motion to dismiss for an abusive filing in the Bankruptcy Case nor any indications that one is forthcoming. Further, the Plaintiffs raise the bankruptcy filings of InfoW, LLC, IWHealth, LLC, and Prison Planet TV, LLC, without mentioning that the Plaintiffs withdrew their motion to dismiss those cases or that the Home Court did not determine that any abuse had occurred. The Debtor here has never previously filed a bankruptcy case.

32.     The Plaintiffs also assert that their claims are non-core proceedings. However, the applicable case law in the Southern District of Texas—where the allowance of their claims will be determined—their claims are not personal injury claims and therefore be core claims under 28 U.S.C. § 157(b)(2)(B).

33.     An additional factor that the Court should consider is that there is diversity with respect to the parties. The existence of diversity between the Plaintiffs and the Debtor weighs against remand or abstention. While *removal* under 28 U.S.C. § 1441—as opposed to 28 U.S.C. § 1452—may be untimely, diversity jurisdiction under 28 U.S.C. § 1332 exists with respect to the Removed Litigation. The Removed Litigation is squarely within the universe of cases over which Congress intended federal courts to exercise jurisdiction.

**C.  Awarding Attorneys' Fees and Costs is Inappropriate Here.**

34.     Although attorneys' fees and costs may be awarded on remand under 28 U.S.C. § 1447(c), that statute only provides for remand based upon a "defect." There is no defect in the removal here.

35.     The Plaintiffs do not assert that removal was improper under applicable law. Nor do they argue that subject matter jurisdiction was lacking at the time of removal or that mandatory abstention applies. Rather, they ask the Court to *permissively* abstain where the factors are fairly in dispute. And if the Plaintiffs are correct that their claims are "personal injury tort claims" the language of 28 U.S.C. § 157(b) seems to *require* determination of where the claims will be tried by the U.S. District Court for the Southern District of Texas.

36.     Further, even if section 1447(c) did apply, requests for fees should be denied when an objectively reasonable basis for removal exists absent unusual circumstances related to the purposes of awarding fees under 28 U.S.C. § 1447(c). *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The statute is not meant to deter valid removals. *See id.* at 140 ("[T]here is no

reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.").

## Conclusion

37.     The Motion for Remand should be denied in all respects. The removal was proper and this Court and the U.S. District Court for the District of Connecticut have jurisdiction and should exercise that jurisdiction here. Mandatory abstention does not apply, and the Removed Litigation is central to the Debtor's Bankruptcy Case and the efficient administration of the Debtor's estate, the only issue remaining is to determine damages, this court should respect comity with the Home Court, and the prejudice to the Debtor would outweigh the prejudice to the Plaintiffs.  Any jury trial to which the Plaintiffs are entitled can proceed in the appropriate district court. The Plaintiffs have the burden of proving the factors establishing that equitable remand or permissive abstention should be granted. The Court should hold them to that burden.

*[Remainder of Page Intentionally Left Blank]*

Date: August 8, 2022                    Respectfully Submitted,


                                        **DEFENDANT AND DEBTOR FREE SPEECH**
                                        **SYSTEMS, LLC**


                                        By:*/s/Norman A. Pattis*
                                        Norman A. Pattis
                                        PATTIS & SMITH, LLC
                                        383 Orange Street
                                        New Haven, CT 06511
                                        V: 203-393-3017 F: 203-393-9745
                                        npattis@pattisandsmith.com

                                        -and-

                                        R. J. Shannon (*pro hac vice* pending)
                                        SHANNON & LEE LLP
                                        700 Milam Street STE 1300
                                        Houston, TX 77002
                                        Tel.: 713-714-5770
                                        Fax: 833-714-5770
                                        Email: rshannon@shannonleellp.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system. Additionally, the foregoing document was served by email and first-class mail on the following parties:

Alinor C. Sterling
Christopher M. Mattei
Koskoff, Koskoff & Bieder PC
350 Fair Field Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com

Eric Goldstein
Jessica M. Signor
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06013
egoldstein@goodwin.com
jsignor@goodwin.com

*/s/Norman A. Pattis*
Norman A. Pattis