UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; AND WILLIAM ALDENBERG,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX EMRIC JONES; FREE SPEECH SYSTEMS, LLC,<br><br>Defendants. | ADV. PROC. NO. 22-05019<br><br>AUGUST 9, 2022 |

## REPLY TO DEBTOR'S RESPONSE TO EMERGENCY MOTION FOR REMAND

The purpose of this removal is clear: for Alex Jones to buy time and delay trial as long as possible. In the Jones defendants' fourth and most egregiously abusive use of the removal statutes to date, Jones's company, Free Speech Systems, LLC ("FSS") stripped this case from the docket of the Connecticut Superior Court judge who has presided over this case for four-plus years – and did so in the middle of jury selection. The Jones defendants are using this second "related-to" removal to again delay trial and to avoid the docket of the judge in this state most familiar with this case, and with the Jones defendants' long history of abuses of the judicial process in this case. Instead of proceeding with the judge who knows the case and is ready to proceed, they propose the case go to a District Court Judge unfamiliar with the issues and unprepared to proceed on the same timeline. Nothing about this removal is proper. The Court should immediately remand the case to Connecticut Superior Court.

1

First and foremost, this removal is being used to protect Alex Jones, who chose not to file bankruptcy and is not subject to the protection of this Court – or to the scrutiny that goes along with such a filing. It is undisputed that the automatic bankruptcy stay protections do not extend to Alex Jones; nor has FSS has not sought to extend the stay to him. Moreover, all of the claims against Alex Jones in the over-four-year-old litigation are non-core. The litigation against Alex Jones should proceed in the Connecticut Superior Court.

FSS's explanation for its removal rests on a misleading description of the proceedings in the Connecticut Superior Court. FSS argues it removed because it was "in an untenable position" due to the Connecticut Superior Court's order that trial would proceed as to non-debtor Alex Jones, and this "exposed the Debtor to denial of due process" because it "remained a party but was unable to participate due to the automatic stay imposed upon its bankruptcy filing." (ECF No.14, Debtor's Resp. at ¶ 6.) This mischaracterizes the Superior Court's actions and orders. In the post-filing hearing, at which the parties were to begin picking a jury, the trial judge (Bellis, J.) immediately inquired whether FSS had filed a stay as to Alex Jones in the bankruptcy proceeding and learned it had not. (ECF No.5, Mot. for Remand, at Ex. H, 8/2/22 Hrg. Tr. at 3-5). The trial court then acknowledged the case was stayed against the FSS but was "active" and proceeding against Mr. Jones, *id.* at 14:15. Counsel for FSS and Mr. Jones made no due process argument, but suggested he "might" have a conflict of interest. *Id.* at 15:19. In short, there was no due process violation below – the case was proceeding against non-debtor Mr. Jones only and was stayed as against FSS.

The Connecticut Superior Court trial judge also noted that if Mr. Jones filed bankruptcy, or FSS sought and obtained a stay from the Texas bankruptcy court, the Connecticut Superior Court would immediately follow that stay, but that at present, the case was not stayed as to Mr. Jones. *Id.* at 17:5-17. Rather than Mr. Jones filing bankruptcy or FSS seeking a stay through the

2

Texas bankruptcy court, FSS filed this removal *within hours* of Judge Bellis's order. This choice is deliberate: FSS *itself* moved to have the automatic stay lifted in Texas state court so that it could proceed with trial in *Heslin v. Alex Jones et al.*, Cause No. D-1-GN-18-001835, (Tex. Dist.).[1] If FSS wanted to "participate" at trial, it could have and should have taken the same action here.

Also, if FSS wished to stay jury selection as to non-debtor Alex Jones, the bankruptcy process provides a mechanism to do so: FSS should have moved to extend the automatic stay. Instead, FSS removed the action – the *fourth* removal effectuated by the Jones defendants over the course of this case – in a blatant attempt to use the bankruptcy process and this Court to delay an ongoing trial and forum shop.[2] The Jones defendants fully expected that the previous bankruptcy and removal to this Court would delay trial.[3] Delay is also the objective here.

FSS argues that "[u]nder case law applicable in the Southern District of Texas[,] the Plaintiffs' claims against the Debtor are not considered personal injury claims under 28 U.S.C. § 157(b)(5)" because they do not assert "resulting physical injury." (ECF No.14, Debtor's Resp. at ¶ 13.) This argument misstates the law and the facts. FSS fails to mention that the families allege that their emotional distress was so severe that it could lead to illness and bodily harm, *see* ECF No. 1-3, Not. of Removal, Ex. B, Compl. ¶ 376. They have given evidence under oath that as result of the Jones defendants' conduct, they suffered bruxism, headaches, muscle tension, digestive issues, inability to eat, insomnia, and tremors.

---

[1] *See* Debtor's Emerg. Mot. to Modify Stay, *In re Free Speech Systems, LLC*, No. 22-60043, (Bankr. S.D. Tex.), ECF No. 2 at ¶¶ 1, 11 (seeking to modify automatic stay to proceed to final judgment in *Heslin* because doing so was "necessary to prevent delay" and "[s]ubstantial resources of the Debtor and [the plaintiffs] have already been expanded"); Order Modifying Stay, ECF No. 16.

[2] *See, e.g.*, *In re Bisno*, 433 B.R. 753, 758-59 (Bankr. C.D. Cal. 2010) (remanding to state court *sua sponte* when bankruptcy was filed "in bad faith and was intended to disrupt the ongoing civil trial").

[3] *See* Ex. A, Super. Ct. DN 881, 7/14/22 Hrg. Tr. at 33:22-23 (counsel for defendants stating, "the Court's decision to adhere to the initial date caught us all by surprise.").

And assuming arguendo that Fifth Circuit precedent is relevant to this Court's analysis, the weight of authority – which FSS again fails to mention – holds that claims like the plaintiffs' are personal injury tort claims under § 157(b)(5). In this district, a tort need not include physical injury to qualify as a personal injury tort. *See In re Erickson*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005) (Krechevsky, J.) (employment discrimination on basis of race, creed, disability or sex is personal injury tort.); *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154, 162 (Bankr. D. Conn. 2002) (Weil, J.) (sexual harassment is personal injury tort). Fifth Circuit precedent generally follows the same rule, rejecting the "narrow approach" taken by the two outlier decisions FSS cites.[4]

In both the cases cited by FSS, the District Court was attempting to preserve a bankruptcy ruling below by aligning itself with the narrower test.[5] In sum, the plaintiffs' claims are personal injury claims within the meaning of 28 U.S.C. § 157(b)(5) under the existing authority in this Circuit and the Fifth Circuit. Moreover, this Court need not resolve that issue in order to remand the action under permissible abstention or equitable remand.[6] And again, FSS does not argue, because it cannot, that the litigation against Alex Jones is a core proceeding.

---

[4] *See In re Autoseis, Inc.*, 2015 WL 4113241 (Bankr. S.D. Tex. June 1, 2015) (gender and national origin discrimination are personal injury torts); *In re Miller*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018) (intentional infliction of emotional distress and alienation of affection); *In re Roman Cath. Church for Archdiocese of New Orleans*, 2021 WL 3772062, at *4 (E.D. La. Aug. 25, 2021) (defamation, false light invasion of privacy, and intentional infliction of emotional distress); *Abraham v. Smith*, 550 B.R. 314, 322 (N.D. Miss. 2016) (emotional harm); *In re Fuchs*, 2006 WL 6543977, at *3 (Bankr. N.D. Tex. Jan. 26, 2006) (invasion of privacy and intentional infliction of emotion distress) (Houser, J.); *In re Mauldin*, 52 B.R. 838 (Bankr. N.D. Miss. 1985) (intentional infliction of emotional and mental distress).

[5] *See Belcher v. Doe*, 2008 WL 11450550, at *4 (W.D. Tex. Mar. 11, 2008) (ruling that "for the purposes of [that] case," statutory claim for wrongful disclosure of health information was not personal injury tort, and stating that court did "not believe that [this] narrow approach [to the definition of personal injury tort] will consistently prove to be the better approach, [but] it is reluctant to vacate the Bankruptcy Court's judgment without a definitive statement by the Fifth Circuit"); *Hurtado v. Blackmore*, 2007 WL 9753286, at *2 (S.D. Tex. July 18, 2007) (where the parties attempting to void the bankruptcy court ruling below had already "waived any objection to the Bankruptcy Court's jurisdiction over this matter," recognizing narrow test *could* apply, which would have made the bankruptcy court's exercise of jurisdiction proper, *not* holding that it did).

[6] *See* 28 U.S.C. § 1334(c)(1); *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion."); *In re Nat'l E.*

Next, FSS argues that remand should not be granted because "section 157(b)(5) requires that the Southern District of Texas decide where [the families'] claims are tried if they are determined to be personal injury claims." (ECF No.14, Debtor's Resp. at ¶ 18.). § 157(b)(5) applies only if the Court first declines to equitably remand this action or exercise permissive abstention.[7]

Finally, FSS fails to demonstrate how the permissive abstention / equitable remand factors favor denial of remand. The best that FSS can say with respect to several factors is that they weigh "only slightly in favor of remand," ECF No.14, Debtor's Resp. at ¶ 20 (factor: extent to which issues of state law predominate), or are "neutral," *id.* at ¶ 22 (comity), ¶ 26 (right to jury trial), ¶ 29 (prejudice). FSS' argument that denial of remand would be more efficient, *see* ECF No.14, Debtor's Resp. at ¶¶ 17-19, is incredible given that jury selection was already under way when it removed the action. Further, the "degree of relatedness" prong weighs strongly in favor of remand. The state court action – which involves purely state tort and statutory law claims – has predated the bankruptcy by over four years and was only weeks away from finally coming to judgment.[8]

For these reasons, the families respectfully request that this Court enter an order providing the relief requested in their Motion for Remand.

---

*Corp.*, 391 B.R. 663, 669, 671 (Bankr. D. Conn. 2008) (Krechevsky, J.) (permissively abstaining and granting equitable remand of proceeding that "raises core issues concerning some of the . . . defendants").

[7] *See In re Pan Am. Corp.*, 950 F.2d 839, 844 (2d Cir. 1991) ("[T]he Bankruptcy Code allows abstention for personal injury cases and only where abstention does not occur will the requirement for adjudication in a district court take effect.") (quotation marks omitted); *In re White Motor Credit*, 761 F.2d 270, 273 (6th Cir. 1985) ("[T]he district court has the authority to leave tort cases in the courts in which they are pending for liquidation there.").

[8] *See Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009) ("This claim exists outside of bankruptcy and was initiated in state court years before the bankruptcy action."); *In re Taub*, 413 B.R. 81, 94 (Bankr. E.D.N.Y. 2009) ("the Debtor's claims . . . exist outside of this bankruptcy case. The [state] court, not this Court, will determine these issues").

Respectfully submitted this 9th day of August, 2022 at Bridgeport, Connecticut.

By: /s/ *Alinor C. Sterling*
Alinor C. Sterling (Fed. Bar No. ct17207)
Christopher M. Mattei (Fed. Bar No. ct27500)
Koskoff, Koskoff & Bieder PC
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
Facsimile: (203) 368-3244
Email: asterling@koskoff.com
cmattei@koskoff.com
*Counsel for the Plaintiffs*[9]

By: /s/ *Eric Goldstein*
Eric Goldstein (Fed. Bar No. ct27195)
Jessica M. Signor (Fed. Bar No. ct30066)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06013
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
jsignor@goodwin.com
*Counsel for the Individual Plaintiffs*[10]

---

[9] Koskoff, Koskoff & Bieder represents all of the plaintiffs, including Richard M. Coan solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Erica L. Garbatini.

[10] In connection with this proceeding, Shipman & Goodwin LLP represents David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos Mathew Soto, Jillian Soto, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Individual Plaintiffs").

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2022, a copy of foregoing Reply to Debtor's Response to Emergency Motion for Remand was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Alinor C. Sterling*
ALINOR C. STERLING
CHRISTOPHER M. MATTEI

/s/ *Eric Goldstein*
ERIC GOLDSTEIN
JESSICA M. SIGNOR